UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OMAR VILLAGOMEZ VILLAGOMEZ,

Petitioner,

v.                                                        CAUSE NO. 3:26-CV-594-CCB-SJF

BRIAN ENGLISH, et al.,

Respondents.

## OPINION AND ORDER

Immigration detainee Omar Villagomez Villagomez, by counsel, filed a petition for

a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in

violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Villagomez Villagomez is a citizen of Mexico without legal status in the United

States. (ECF 6-2 at 4.) Immigration records reflect that in 2009, he was arrested by United

States Border Patrol agents in Florida and placed in removal proceedings. (*Id.*) He was

ultimately granted voluntary departure to Mexico. (*Id.*) It appears he left the country but

then attempted to return, because in 2010, he was encountered by Border Patrol agents in

California near the United States-Mexico border. (*Id.*) He was permitted to voluntarily

return to Mexico. (*Id.*) He asserts, without contradiction by the government, that he re-

entered the United States without inspection later that year.[1] (ECF 1 at 2.)

---

[1] It is apparent from public records that he was in the country as of 2012, because he has a record of traffic infractions in Indiana dating back to that year. *See State v. Villagomez,* No. 49G13-1502-CM-006742 (Marion Sup. Ct. closed Nov. 5, 2015); *State v. Villagomez,* No. 29H01-1210-CM-001417 (Carmel City Ct. closed Oct. 31, 2012); *State v. Villagomez,* No. 70C01-1209-IF-001717 (Rush Cir. Ct. closed Oct. 19, 2012).

He came to the attention of immigration officials again in 2026, when he was arrested by police in Hamilton County, Indiana, for operating a vehicle under the influence of alcohol. (ECF 6-2 at 3.) He was subsequently convicted of that charge. *State v. Villagomez,* No. 29D07-2603-CM-002542 (Hamilton Sup. Ct. closed Apr. 28, 2026). On April 29, 2026, he was arrested by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant and served with a Notice to Appear in immigration court. (ECF 6-2 at 4, 10.) He was then transferred to Miami Correctional Facility, where he remains at present pending the conclusion of his removal proceedings. (ECF 1 at 1-2.)

Mr. Villagomez Villagomez argues that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1.) He argues this statute does not apply to him because he was arrested within the interior of the United States years after his arrival, and that his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Fifth Amendment's Due Process Clause. (*Id.* at 17-24.) He seeks immediate release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 25.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United

2

States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents answered the petition (ECF 6), and Mr. Villagomez Villagomez filed a reply (ECF 9).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Villagomez Villagomez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Villagomez Villagomez who are

arrested within the interior of the country years after their arrival. That leads the court to 8

U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present

in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides:

"On a warrant issued by the Attorney General, an alien may be arrested and detained"

while removal proceedings are pending, and the Attorney General "(1) may continue to

detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B)

conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme

Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized

bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Villagomez Villagomez was arrested pursuant to a warrant, which

accords with § 1226(a). (ECF 6-2 at 10.) However, he has not been granted an opportunity

for bond because the government views him as ineligible for bond under § 1225(b)(2). This

---

[2] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, ___F.4th___, 2026 WL 1223250 (7th Cir. May 5, 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second Circuit and Sixth Circuit recently rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Lopez-Campos v. Raycraft,* ___F.4th___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Cunha v. Freden,* ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Villagomez Villagomez any relief until he exhausts all available administrative remedies. (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

He argues it would be futile for him to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 9.) The court agrees. It is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Villagomez Villagomez as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would be futile to require him to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a motion for a custody redetermination filed by an individual like Mr. Villagomez Villagomez, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Although Mr. Villagomez Villagomez asks for outright release, the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007)

(federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because Mr. Villagomez Villagomez is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving that he is not entitled to release at any bond hearing that occurs. (ECF 1 at 22; ECF 9 at 27.) This conflicts with usual procedures, which provide that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has determined he cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. *See* 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3) (providing for appeal of bond determinations to the Board of Immigration Appeals). Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and ORDERS the Respondents to release Omar Villagomez Villagomez on or before **May 27, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **May 29, 2026.**

SO ORDERED on May 20, 2026

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT